UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | File No. 1:14-cr-00083-jgm-3 |
| | : | |
| ALIQUAN UMSTEAD, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

RULING ON MOTIONS TO SUPPRESS AND TO SEVER
(Doc. 115)

I.   Introduction

Defendant Aliquan Umstead ("Umstead" or "Defendant") is charged in a second superseding indictment with conspiracy to distribute heroin and cocaine and distribution of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) in this multi-defendant case.  (Doc. 18 (Counts 1, 13-15).)  Umstead moves to suppress statements taken in violation of the prompt presentment requirements of Federal Rule of Criminal Procedure 5 and 18 U.S.C. § 3501(c) and to sever his case from those of his co-defendants.  (Doc. 115.)  The government opposes the motions.  (Doc. 118.)  Umstead did not file a reply.  For the reasons stated below, the Court denies the motions.

II.  Background

The Court relates the following facts from the papers submitted by the parties.  Umstead is charged along with nine other defendants in a consolidated case originating out of investigations by authorities in southern Vermont and Chittenden County of distribution of heroin and cocaine.  On May 27, 2014, search warrants were executed and leading co-conspirators, including Umstead, were arrested.  Investigators seized thousands of bags of heroin and several handguns.  At the time of his arrest, Umstead had two pending state cases--one for felony possession of heroin and one for

misdemeanor trespassing. The May 27 arrest resulted in the filing of a third state case in which he was charged with distributing heroin.

On June 18, 2014, a federal grand jury returned an indictment against Umstead and another defendant for heroin trafficking. That day, a federal arrest warrant was issued and faxed to the authorities at Vermont's Northwest State Correctional Facility ("NSCF") where Umstead was being held on the state charges. See Doc. 115-2. On June 26, the United States Attorney's Office faxed a federal detainer to NSCF reading, in part: "Prior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary." See Doc. 118 at 2.

On July 1, 2014, all three pending state cases were dismissed in favor of the federal prosecution, at the request of the Chittenden County State's Attorney's Office, who notified the state court of the federal charges. See Doc. 115-1. On July 9, a NSCF supervisor informed the Assistant United States Attorney ("AUSA") who had signed the June 26 detainer that the state charges had been dismissed. The AUSA informed the supervisor that Umstead would be picked up by federal officials that day or the next.

On July 10, 2014, Umstead was picked up at NSCF and brought to federal court where he was arraigned. Prior to leaving NSCF that morning, Umstead had a brief conversation with Vermont Drug Task Force ("VDTF") Detective Giancarlo DiGenova. Umstead asserts Detective DiGenova interviewed him at NSCF at the request of VDTF Detective Plunkett, one of the primary investigators of this case. Detective DiGenova read him his Miranda warnings and Umstead agreed to answer questions and signed a written waiver. They conversed for approximately ten minutes during which Umstead admitted distributing heroin, stating he met a co-defendant and "was working for him to get rid of it." (Doc. 115-3 at 1.) Ultimately, ten defendants were charged together in the Second Superseding Indictment filed November 19, 2014.

2

III.     Discussion

    A.     Motion to Suppress

Umstead moves to suppress statements made during the July 10 interview contending the federal government violated its obligation to present him promptly for arraignment because he was effectively arrested on the federal charges on July 1, when the state court dismissed the state charges, and he remained in federal custody until his July 10 arraignment.  He asserts the ten-day delay was an "unreasonable and unnecessary" delay in his right to prompt presentment on the federal charges such that his July 10 statements must be suppressed.  (Doc. 115 at 3-8.)

Federal Rule of Criminal Procedure 5(a)(1) requires that an arrested defendant be brought before a judicial officer "without unnecessary delay."  Fed. R. Crim. P. 5(a)(1).  By statute, Congress created a safe harbor for voluntary statements made within six hours of arrest:

> [A] confession made or given by a . . . defendant . . . while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a [judicial officer] . . . if such confession is found by the trial judge to have been made voluntarily and . . . if such confession was made or given by such person within six hours immediately following his arrest or other detention.

18 U.S.C. § 3501(c).  Courts exclude confessions obtained during an unnecessary or unreasonable delay in presentment under the so-called McNabb-Mallory rule.  See United States v. Alvarez-Sanchez, 511 U.S. 350, 354 (1994) (the McNabb-Mallory rule "generally render[s] inadmissible confessions made during periods of detention that violate[] the prompt presentment requirement of Rule 5(a)"); see also United States v. Corley, 556 U.S. 303, 308 (2009) ("even voluntary confessions are inadmissible if given after an unreasonable delay in presentment").  If a confession was made outside the six-hour safe harbor created by section 3501(c), the "court must decide whether delaying that long was unreasonable or unnecessary under the McNabb-Mallory cases and, if it was, the confession is to be suppressed."  Corley, 556 U.S. at 322.

Section 3501, however, "applies only after 'there is some obligation to bring the person before a federal judicial officer in the first place,' generally pursuant to an 'arrest for a <u>federal</u> offense.'" <u>United States v. Gonzalez</u>, 764 F.3d 159, 167 (2d Cir. 2014) (quoting <u>Alvarez-Sanchez</u>, 511 U.S. at 358). The Second Circuit has noted an indictment alone does not trigger the obligation. <u>Id.</u> at 167-68. Accordingly, whether Umstead's statements fall within the safe harbor depends on when he was "arrested" for the purposes of section 3501.

Umstead argues the delay between the July 1 dismissal of the state charges and his July 10 arraignment requires his July 10 statements be suppressed. The AUSA was notified on July 9 of the state court dismissal. The federal arrest warrant was executed and Umstead formally arrested by federal authorities on the morning of July 10 when Detective DiGenova and Vermont State Trooper Jerry Partin arrived to transport Umstead to the United States Marshals. Umstead's assertion that the interview was conducted at the behest of Detective Plunkett does not demonstrate collusion between state and federal authorities. See <u>Alvarez-Sanchez</u>, 511 U.S. at 359-60 (recognizing potential for collusion between federal and state agents to arrest and detain on one charge in order to interrogate on another). The delay between the state court dismissal and federal arrest was apparently caused by an administrative error: the federal authorities were not promptly notified of the dismissal of the state charges. Umstead made statements to Detective DiGenova between 8 and 8:10 am. Because his statements were made within six hours of his federal arrest--the trigger of the obligation to bring him before a federal judicial officer--the safe harbor of section 3501 applies and the statements need not be suppressed.

Even if his statements did not fall within the safe harbor, any delay in presentment was not unreasonable or unnecessary. As the government asserts, the federal obligation to present a defendant in court cannot arise until the federal government is aware the defendant has been

4

federally arrested or detained. (Doc. 118 at 9.) Umstead was arraigned within one day of the federal authorities learning of the dismissal of the state charges. As Umstead was interviewed for ten minutes, the one-day delay was not "for the purpose" of interrogation. See Mallory v. United States, 354 U.S. 449, 455-56 (1957) (holding a confession given seven hours after arrest inadmissible where the police questioned the suspect for hours within the vicinity of several magistrates and noting delay for the purpose of interrogation is the epitome of "unnecessary delay"). Accordingly, even if the obligation to bring him before a federal judicial officer arose on July 9, when the AUSA learned of the dismissal of the state charges, the one-day delay in his presentment on July 10 was not unreasonable or unnecessary. Because Umstead has not presented any evidence his statements were involuntary, and he was arraigned the day after the AUSA learned the state charges were dismissed, his statements need not be suppressed.

      B.      Motion to Sever

Federal Rule of Criminal Procedure 8(b) permits the government to join defendants in a single indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Under Rule 14(a), a district court may "sever the defendants' trials" where it appears a defendant is prejudiced by joinder. Fed. R. Crim. P. 14(a).

Umstead does not argue the charges against him and the other defendants were not properly joined under Rule 8(b). He moves to sever his case from those of his co-defendants claiming "prejudicial spillover" because the government may seek at a joint trial to introduce admissions by non-testifying co-defendants that implicate him, in violation of the hearsay rule, and at a joint trial there may be "antagonistic defenses" raised by co-defendants. (Doc. 115 at 8-10.) Because he has not, at this time, articulated specific instances of prejudice were his trial to be held with other

defendants, and consolidation of charges into one proceeding promotes fairness and expedites judicial proceedings, the Court denies without prejudice to renew, at a point closer to trial, Umstead's motion to sever.

IV. Conclusion

For the above reasons, Defendant Aliquan Umstead's motions to suppress evidence and to sever (Doc. 115) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 7th day of April, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge